**Petition of Jacfl WININEGER for Writ of Error Coram Nobis.**

**No. A–12787.**

Court of Criminal Appeals of Oklahoma.
Oct. 14, 1959.

James O. Braly, Durant, for petitioner.
Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

In this petition for writ of error coram nobis the petitioner asserts that one of the participants in the killing of Morgan Haddock would testify, as would other witnesses not named, that Jack Winineger or James Winineger did not participate in the crime, and that the petitioner would positively deny any participation therein, and other witnesses would support him thereon.

This attempt to void the judgment and sentence herein brings this petition

squarely within the rules as stated by Freeman on Judgments, 5th Ed., § 256, p. 514:

"This writ does not lie to correct any error in the judgment of the court, nor to contradict or put in issue any fact directly passed upon and affirmed by the judgment itself. If this could be, there would be no end to litigation. * * * The writ of error coram nobis is not intended to authorize any court to review and revise its opinions; but only to enable it to recall some adjudication made while some fact existed which, if before the court, would have prevented the rendition of the judgment, and which without any fault or negligence of the party, was not presented to the court."

In Humphreys v. State, 129 Wash. 309, 224 P. 937, 33 A.L.R. 78, an attempt was made by affidavit under coram nobis proceeding to absolve the accused, Humphreys, from guilt in the theft of ten sacks of wheat by affiant's assuming responsibility therefor, stating that Humphreys was not with them and knew nothing about the crime. In syllabus 1, it was said:

"A judgment cannot be set aside on a petition for a writ of coram nobis on a showing which in fact constitutes but newly discovered evidence on the actual merits of the controversy tried and decided by the judgment, however conclusively such evidence may seem to establish that the judgment was wrong."

The petitioner herein seeks likewise to contradict and put in issue the very fact passed upon and affirmed by the judgment of conviction. As to whether this evidence now sought to be relied on would change the result is most speculative. As we said before in In re Winineger, Okl.Cr., 337 P. 2d 445, we will never permit the law to become a game of chance where the defendant can gamble with the court. This petitioner, on reasoned judgment, made an election to pursue a course of defense. On that, 337 P.2d at page 449, we said:

"In such case as the one at bar, the defendant may not at a later time reopen the case and have another jury speculate on his truthfulness, which he was unwilling to have weighed in the first instance. In any proceeding, litigants should not be permitted to play fast and loose with either the law or the courts. This petitioner seeks so to do."

 This petition does not bring the petitioner within the relief afforded by writ of error coram nobis. The petition is accordingly denied.

POWELL, P. J., and NIX, J., concur.